VAN BRUNT, P. J., RUMSEY, O'BRIEN and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

MARY JAMES, as Administratrix, etc., of CHARLES F. JAMES, Appellant, *v.* JOHN V. SIGNELL, Respondent.

*Extension of time to answer — the failure to serve the affidavits with the order is an irregularity — waived by its non-return — default, opened on condition — appeal.*

A failure to serve, with a copy of an order extending a defendant's time to answer, the affidavits upon which the order was granted is a mere irregularity, which is waived by the plaintiff's omission to return the order. Consequently, where the court, considering that the irregularity rendered the order ineffective, treated the defendant as being in default and opened such default upon condition that he would pay the accrued costs of the action and ten dollars costs of the motion, an appeal taken by the plaintiff upon the ground that the terms imposed were insufficient must fall, as the court was not justified in imposing any terms.

APPEAL by the plaintiff, Mary James, as administratrix of Charles F. James, from so much of an order of the Supreme Court, made at

the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of March, 1901, opening the defendant's default, as prescribed the terms and conditions upon which the default in pleading should be opened and permitted the defendant to serve an answer or demurrer.

*Philip Carpenter*, for the appellant.

*Nathan Ottinger*, for the respondent.

INGRAHAM, J.:

This action was commenced by the service of the summons and complaint upon the 22d of January, 1901, and the defendant's time to appear and answer expired on February 11, 1901. On that day an order was obtained from a justice of the Supreme Court extending the time to answer or demur twenty days from February 11, 1901, and a copy of the order was served upon the plaintiff's attorney; but the affidavits upon which the order was granted were not served with the order. The plaintiff's attorney, however, retained the order, not returning it to the defendant's attorney, nor giving any notice of the irregularity, but on the nineteenth of February served a notice of motion, returnable on February twenty-eighth, for judgment. On February twenty-sixth the defendant's attorney, having discovered that the affidavits upon which the order extending the time to answer had been granted had not been served, caused a copy of such affidavits to be served upon the plaintiff's attorney, but on the afternoon of that day the plaintiff's attorney returned such affidavits with a notice that they had been served too late, that the defendant's time to plead had expired, and that an application for judgment upon the defendant's default had been made. Whereupon the defendant obtained an order to show cause, asking that his default, if any, be opened and that he be allowed to serve such order and to defend the action. That motion was granted upon the defendant paying the accrued costs of the action and ten dollars costs of the motion, and from that order the plaintiff appeals.

I do not think that the defendant was in default. An order having been obtained extending his time to answer, upon service of the order, the defendant would not be in default until the time within which, under the order, he was authorized to serve the answer

had expired. A failure to serve the affidavits upon which that order was granted was a mere irregularity which was waived by not returning the order. The order appealed from, however, treated the defendant as being in default and opened that default and allowed the defendant to answer; but as the defendant has not appealed from that order the only question presented is whether the court was justified in allowing the defendant to answer upon the terms imposed. If the defendant was not in default it is quite clear that the court was not justified in imposing any terms, and an appeal by the plaintiff, upon the ground that the terms imposed were insufficient, must fall.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.